# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4119

_____

Sam Spades,

        Appellant,

    v.

City of Walnut Ridge, Arkansas,
an Incorporated City,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Eastern
District of Arkansas.

_____

Submitted: June 18, 1999

Filed: July 28, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE,[1] District Judge.

_____

BEAM, Circuit Judge.

Sam Spades (Spades) appeals the grant of summary judgment on his claims against the City of Walnut Ridge (the City) for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., and the Family and Medical Leave

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

Act (FMLA), 29 U.S.C. §§ 2601 et seq. The district court[2] granted summary judgment on the ADA and FMLA claims because Spades failed to make any showing that the City's legitimate nondiscriminatory reason was a pretext. We affirm.

## I.    BACKGROUND

Spades was employed as a police officer with the City when he attempted suicide by inflicting a gunshot wound to his head. The handgun Spades used was issued by the City. After receiving treatment for his physical injuries, and medication and counseling for his depression, Spades alleges he was capable of returning to work and performing the duties of a police officer. However, the City was advised that because it had knowledge of Spades's violent use of a firearm, his continued employment would increase the City's exposure to legal liability. As a result, Spades was terminated, giving rise to his claims that the City violated the ADA and the FMLA. He alleges the City discharged him because of his disability, depression, or in the alternative for taking medical leave.

The district court found that although Spades made a sufficient showing to establish the existence of a prima facie case under the ADA, he did not come forward with facts showing the City's legitimate nondiscriminatory reason to be pretext. Spades's FMLA claim similarly failed because he did not come forward with countervailing facts showing the legitimate reason advanced by the City to be a pretext for discharging him because he took medical leave.

---

[2]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, presiding.

## II.    DISCUSSION

"In an employment discrimination case, the plaintiff must initially present a prima facie case to survive a motion for summary judgment." Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1134-35 (8th Cir. 1999) (en banc).  A prima facie case requires showing that Spades (1) was disabled within the meaning of the ADA, (2) was qualified to perform the essential functions of the job, and (3) suffered adverse employment action under circumstances giving rise to an inference of unlawful discrimination. See id. at 1135. Upon establishing a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for discharge.  After articulating such a reason, the burden shifts back to the employee to present evidence that the reason is pretextual.  See Wilking v. County of Ramsey, 153 F.3d 869, 872-73 (8th Cir. 1998).  The district court granted summary judgment because Spades could not carry his burden at the pretext stage.  We review a grant of summary judgment de novo and consider first whether Spades presented a prima facie case.  See Kiel, 169 F.3d at 1134-1135.

Spades's alleged disability is depression.  The evidence supports the allegation that Spades has suffered from depression in the past.  However, this commands no per se conclusion that he is presently disabled within the meaning of the ADA.  The question of what constitutes a disability within the meaning of the ADA was recently taken up by the Supreme Court in Sutton v. United Air Lines, Inc., No. 97-1943, 1999 WL 407488 (U.S. June 22, 1999) and Murphy v. United Parcel Service, Inc., No. 97-1992, 1999 WL 407472 (U.S. June 22, 1999).  Under Sutton and Murphy, a determination of whether Spades's depression is a disability must be made with reference to any mitigating measures he employs. See Sutton, 1999 WL 407488, at *7. "A person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity." Id. at *8.

The record shows that Spades took medication and received counseling for his alleged disability of depression. He concedes that resort to medicines and counseling "allow him to function without limitation." Thus, his depression is corrected and cannot substantially limit a major life activity–a requirement for finding that an individual is disabled within the meaning of the ADA. Although Spades cannot establish an actual disability which presently and substantially limits a major life activity, he argues in the alternative that he is "perceived to be disabled," and thereby qualifies as disabled within the meaning of the ADA. See id. at *12; 42 U.S.C. § 12102(2)(C) (having a disability includes "being regarded as having" a physical or mental impairment that substantially limits a major life activity). The record does not support the allegation that the City perceived Spades as disabled within the meaning of the ADA. Thus, he cannot establish a prima facie case.

Even assuming Spades established a prima facie case, we agree with the district court that he has not shown that the legitimate nondiscriminatory reason for termination was a pretext. The City articulated a nondiscriminatory reason for his termination–increased likelihood of liability. Increased potential liability associated with an employee's past activities is a legitimate concern of the City, particularly when there is known violent behavior. Claims of negligent hiring, supervision, and retention loom large in the minds of employers and their lawyers. Thus, Spades has advanced no factual or legal argument, beyond mere conjecture and conclusion, that the City's stated reason for discharging him was a pretext for discrimination.

We also find that Spades's FMLA claim fails for similar reasons. The record does not support the inference that Spades was fired because he took medical leave. Summary judgment on both claims was appropriate.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

KYLE, District Judge, concurring.

I concur in the majority's opinion because it is clear that Spades failed to show that the legitimate nondiscriminatory reason proffered by the city for his termination was pretextual. When this case was argued, neither Sutton nor Murphy had yet been decided by the United States Supreme Court. These cases were not relied upon by the district court or by the parties on appeal. The issue of whether Spades was a "qualified individual with a disability," according to the standards set forth in Sutton and Murphy,