# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1381

_____

| | | |
|---|---|---|
| Dennis High, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| University of Minnesota, | * | District of Minnesota. |
| | * | [PUBLISHED] |
| Defendant-Appellee. | * | |

_____

Submitted: November 17, 2000

Filed: December 20, 2000

_____

Before LOKEN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Dennis High, an African-American, was hired by the University of Minnesota in 1980 to work at the University Hospitals and Clinics. High worked in various capacities for the University, including work as a Protective Service Officer (PSO). In his position as a PSO, High believed he was subjected to a number of discriminatory actions, including being passed over for a promotion.

On March 12, 1998, High commenced a lawsuit against the University, alleging race discrimination for failure to promote, hostile work environment, and retaliation. The district court granted summary judgment in favor of the University on all three claims, and High appealed the race discrimination claim. On the race discrimination claim, the district court found that the University articulated a non-discriminatory reason for not promoting High and that he failed to show the reason was pretextual.

On appeal, the University urges that the district court's judgment be affirmed on the merits. It also argues that High's claim is time barred by Title VII's statute of limitations.[1] See 42 U.S.C. § 2000e-5(e)(1). High's response is that his claim is not barred because his failure to promote claim falls under the continuing violations doctrine. This court has never applied the continuing violations doctrine to a discrete act, such as failure to promote, and we decline to do so now. See Stolzenburg v. Ford Motor Co., 143 F.3d 402, 405 (8th Cir. 1998); Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 362 (8th Cir. 1997). With respect to the merits of High's claim, we affirm the judgment of dismissal based upon the well-reasoned opinion of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[1]The district court did not address the statute of limitations issue. Instead, the district court dismissed High's claim on the merits and assumed arguendo that the discriminatory conduct was not barred by Title VII's statute of limitations.