# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-3203/00-1211

_____

| | | |
|---|---|---|
| Larry Land, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United |
| v. | * | States District Court for |
| | * | the District of Minnesota. |
| Washington County, Minnesota, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 20, 2000

Filed:  March 16, 2001

_____

Before WOLLMAN, Chief Judge, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Larry Land, a corrections officer, appeals the dismissals of two employment discrimination actions.  We affirm.[1]

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

## I.    BACKGROUND

Land was hired as a corrections officer for Washington County, Minnesota in March 1984.  Later that year he was involved in a collision and suffered a head injury. He has been diagnosed as having organic brain syndrome and organic personality disorder.  He experiences depression, confusion, uncontrolled emotions, stress, irritability, dementia, amnesia, chronic sleep disorder, chronic fatigue, stumbling, trembling, ataxia, aphasia, focal and audio interference, post-toxic exposure symptoms, and multi-chemical sensitivity syndrome.  In 1990, Land filed an OSHA complaint for exposure to toxic fumes during the repainting of the jail.

In July 1994, Land submitted a written request for accommodations.  He noted that his disability involved "difficulty with retention and retrieval" and requested accommodations including written assistance and extra training.  He also asked for advance notice of any pesticide painting or spraying.  The accommodation request was granted, although Land asserts that the directives were not followed on several occasions.

In addition to his duties as a correctional officer, Land at times functioned as an unpaid field training officer for the sheriff's office from 1990 until 1994.  In 1993, the jail, which previously had nine employees, moved to a new and larger jail with sixty employees.  Land was not asked to assume field training officer duties in the new facility after September 1994.  He was passed over for promotion to sergeant in 1992 and 1994.  The record shows that Land fared poorly on the tests for promotion to sergeant and that only those with higher scores than his were promoted.

In 1997, Land filed his first action in district court alleging discrimination based on his age, gender, political views, and disability.  He alleged unlawful harassment, failure to promote, denial of overtime, failure to accommodate, and denial of extra pay. On the County's motion for summary judgment, the district court dismissed the age,

gender, and political view claims as unsupported by any evidence.[2] The district court dismissed Land's claim for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117 (ADA), finding that Land had not shown that the County's asserted reasons for its action were a pretext for discrimination on the basis of disability.

The day after the first action was dismissed, Land filed a second action, pro se. He reasserted his earlier claims and added a claim that the County had wrongfully terminated him on September 29, 1998, because of his disability. The County moved to dismiss, arguing collateral estoppel and res judicata. The district court converted the County's motion to a motion for summary judgment and gave the parties time in which to submit additional materials. The district court dismissed the action, finding that Land's claims were barred by res judicata.

Land appeals both dismissals.[3]

## II.    DISCUSSION

We review decisions to grant summary judgment de novo, applying the same standards as did the district court. Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995). We will affirm only when no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We view all evidence in the light most

---

[2]Land does not appeal the dismissal of those claims.

[3]The availability of Eleventh Amendment immunity from suit in an ADA action has not been argued or briefed. See Board of Trustees of the Univ. of Ala. v. Garrett, No. 99-1240, 2001 WL 173556 (Feb. 21, 2001). Generally, a suit against a county is not regarded as a suit against the state within the meaning of the Eleventh amendment. Gilliam v. City of Omaha, 524 F.2d 1013, 1015 (8th Cir. 1975). In light of our resolution, we need not reach the issue.

favorable to the non-moving party and are mindful that, "[b]ecause discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant." Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994).  However, summary judgment is proper if the plaintiff fails to establish any element of his or her prima facie case.  Wilking v. County of Ramsey, 153 F.3d 869, 873 (8th Cir. 1998).

The ADA bars employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  The ADA also defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  Id. § 12112(b)(5)(a).

To survive a motion for summary judgment, the plaintiff in an employment discrimination case must initially present a prima facie case.  Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1134-35 (8th Cir.) (en banc), cert. denied, 528 U.S. 818 (1999). To establish a prima facie case  of discrimination under the ADA, an employee must show that he or she:  (1) is disabled within the meaning of the ADA; (2) is qualified (with or without reasonable accommodation) to perform the essential functions of the job at issue; and (3) has suffered adverse employment action under circumstances giving rise to an inference of unlawful discrimination. Id. at 1135.  The determination of qualification involves a two-fold inquiry: (1) whether the individual meets the necessary prerequisites for the job, such as education, experience, training, and the like; and (2) whether the individual can perform the essential job functions, with or without reasonable accommodation.  Cravens v. Blue Cross and Blue Shield of Kansas City, 214 F.3d 1011, 1016 (8th Cir. 2000).

The district court assumed that Land had established a prima facie case, but found that he had not shown that the actions of the County were pretextual. We may affirm the judgment on any grounds supported by the record, even if not relied upon by the district court. Monterey Dev. Corp. v. Lawyer's Title Ins. Corp., 4 F.3d 605, 608 (8th Cir. 1993). Thus, we first consider whether Land established a prima facie case. Spades v. City of Walnut Ridge, 186 F.3d 897, 899 (8th Cir. 1999).

There is no dispute that Land has a disability as that term is defined by the ADA. However, Land has not shown that he was qualified for a position as sergeant, or qualified for field training officer assignments in the larger jail facility. Land must show that, with or without reasonable accommodation, his "work performance met the employer's legitimate job expectations." Mole v. Buckhorn Rubber Prods., Inc., 165 F.3d 1212, 1217 (8th Cir.), cert. denied, 528 U.S. 821 (1999). An ADA plaintiff may not rely on past performance to establish that he is a qualified individual without accommodation when there is undisputed evidence of diminished or deteriorated abilities. Id.

The County conceded that Land was qualified for, and did perform, his duties as a corrections officer from 1994 to 1998. In opposition to the County's motion, Land submitted only the affidavit of a co-worker who essentially stated nothing more than what the County had conceded—that Land adequately performed as a corrections officer. There is no evidence that he could have performed as a sergeant or a field training officer in the larger jail. By his own admission, Land had memory problems and problems understanding new equipment. He also testified that he was prone to emotional outbursts. The record shows that Land placed twelfth out of fifteen in the sergeant exam for the positions filled in 1992, and eighth out of ten candidates for the position that was filled in 1994.

With respect to Land's claim that the County failed to reasonably accommodate him, the burden is on Land to show that, with a particular accommodation, he would

have been qualified to perform the essential functions of the job.  Cannice v. Norwest Bank Iowa, 189 F.3d 723, 728 (8th Cir. 1999).  Land has made no such showing.  The record shows that Land requested and was granted certain accommodations in 1994.  Land requested additional accommodations in 1997.[4]  There is no evidence that the requested accommodation would have enabled Land to perform the essential functions of his job.  Id. at 728.  Moreover, the uncontroverted evidence shows that Land was not qualified to perform the jobs.  Land testified at his deposition that he could no longer work at all after September 1998 and he had applied for total disability benefits.  He further testified to significant muscle control problems (his legs gave out on him three or four times a week, causing him to fall down and he had daily episodes of uncontrollable shaking); memory and retention problems, and problems communicating (he was sometimes unable to speak so that he could be understood) and also had difficulty hearing and understanding people.

We have reviewed the record and agree with the district court that there is no genuine issue of material fact on whether the County failed to provide reasonable accommodations.  Land is unable to point  to any specific instances when the County did not follow its accommodations.

Land's failure to establish a prima facie case applies with equal force to his termination action.  Land admitted that he was unable to perform his job, with or without accommodations, after September 1998.  Accordingly, we need not discuss whether the doctrine of res judicata applies to the claim.

---

[4]The requested accommodations included:  "[t]o allow Mr. land a reasonably controlled environment where everything has its place according to general rules and policy without sudden changes in this;" "[t]o allow Mr. Land more time in training, especially with changes in policy, or rules, and repeated reminders of these changes;" and "[t]o allow Mr. Land an adequate amount of time off work as may be necessary to regroup himself and relieve him from situations that may have become stressful, upsetting or confusing  .  .  . on a daily or even hourly basis."

## III. CONCLUSION

For the reasons set forth above, we affirm the orders of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.