# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2709

_____

Anna M. Roach,               *

                       *

        Appellant,      *

                       *   Appeal from the United States

    v.                  *   District Court for the

                       *   Western District of Missouri.

Vallen Safety Supply, Co.; Vallen   *

Corporation,           *   [UNPUBLISHED]

                       *

        Appellees.      *

_____

Submitted: April 6, 2001
Filed: April 11, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Anna Roach brought this gender discrimination action against her former employers, Vallen Safety Supply Company and Vallen Corporation (collectively, Vallen) after Vallen failed to promote her and eventually terminated her. The district court[1] granted summary judgment to Vallen, and she appeals. Having reviewed de novo the record and considered the parties' briefs, see Hardin v. Hussman Corp., 45 F.3d 262, 264 (8th Cir. 1995) (standard of review), we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

We agree with the district court that Roach's Missouri Human Rights Act (MHRA) failure-to-promote claim was time-barred, notwithstanding Roach's continuing-violation-doctrine argument, as the promotion decision was a discrete act occurring more than 180 days prior to her MHRA complaint. See Mo. Rev. Stat. § 213.075.1 (2000); High v. Univ. of Minn., 236 F.3d 909, 909 (8th Cir. 2000) (per curiam) (this court has never applied continuing-violation-doctrine to discrete act such as failure to promote). The Title VII failure-to-promote claim also fails for lack of evidence that Roach was similarly qualified to the male who was given the advertised position. See McCullough v. Real Foods, Inc., 140 F. 3d 1123, 1126 (8th Cir. 1998) (fourth element of prima facie failure-to-promote claim is that employer promoted similarly qualified person who was not member of protected group).

To avoid summary judgment on her discriminatory-termination claim, Roach had to show she was qualified for her job; she was discharged; and she was replaced by a male, the job remained open while Vallen sought a replacement, or circumstances surrounding her termination otherwise created an inference of discrimination. See Johnson v. Baptist Med. Ctr., 97 F.3d 1070, 1072 (8th Cir. 1996). Roach did not satisfy the final element, as she was replaced by a female, and the circumstances surrounding her dismissal--her counseling and subsequent refusal to supply a requested doctor's slip for sick days, culminating in her telling her supervisor to "kiss my ass"-- did not raise an inference of discrimination. Although Roach presented evidence that a male employee also made a similar comment to Roach's supervisor without consequences, we agree with the district court that Roach and the male employee were not similarly situated: when the male employee allegedly made the statement he had not just been counseled, he had not consistently refused to submit a requested doctor's excuse, and he held a different position in a different department with a different supervisor. See LaCroix v. Sears, Roebuck, and Co., 240 F.3d 688, 694 (8th Cir. 2001) (employees who worked in entirely different departments and had different positions were not similarly situated in all relevant respects); Palesch v. Mo. Comm'n on Human Rights, 233 F.3d 560, 568 (8th Cir. 2000) (test for whether employees are

similarly situated to justify comparison is rigorous; employees are similarly situated if they are involved in or accused of same conduct but are disciplined differently).

Finally, we conclude Roach's general disparate-treatment claim fails as well given the lack of evidence that similarly situated males were treated more favorably; and we decline to consider her newly raised retaliation claim.  See Berg v. Norand Corp., 169 F.3d 1140, 1145 (8th Cir.), cert. denied, 528 U.S. 872 (1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.