**Marian M. MEREDITH, Appellant,**

v.

**BARNES–JEWISH WEST COUNTY HOSPITAL, Appellee.**

No. 01–2112.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 26, 2001.

Filed Oct. 30, 2001.

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Marian M. Meredith, an African American woman, appeals the District Court's[1] adverse grant of summary judgment in her discrimination action against her former employer, Barnes–Jewish West County Hospital (BJW), under Title VII and 42 U.S.C. § 1981 (1994). Having conducted a de novo review, *see Whitley v. Peer Review Sys., Inc.,* 221 F.3d 1053, 1055 (8th Cir. 2000), we affirm.

---

1. The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

We conclude that (1) even if Meredith established a prima facie case of race discrimination (which we question), she did not rebut BJW's legitimate nondiscriminatory reason for her probation and termination, *see LaCroix v. Sears, Roebuck, & Co.*, 240 F.3d 688, 691 (8th Cir.2001) (holding that conclusory statements alone are insufficient to withstand properly supported summary judgment motion); (2) she failed to link the allegedly harassing conduct to her race, *see Willis v. Henderson*, 262 F.3d 801, 808 (8th Cir. 2001) (listing elements of hostile-work-environment claim under Title VII); *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183–84 (4th Cir.2001) (listing elements of § 1981 hostile-work-environment suit); and (3) she did not show that BJW knew of her discrimination charge against her former employer, *see Cross v. Cleaver*, 142 F.3d 1059, 1071 (8th Cir.1998) (noting that retaliation claim under Title VII or § 1981 requires plaintiff to establish causal connection between protected activity and adverse employment action).

Accordingly, we affirm.