# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3402

_____

Nicole Stiles,                                       *
                                                     *
                    Appellant,                       *
                                                     *    Appeal from the United States
            v.                                       *    District Court for the Eastern
                                                     *    District of Missouri.
J.C. Penney Company, Inc.,                           *
                                                     *           [UNPUBLISHED]
                    Appellee.                        *

_____

Submitted:   January 30, 2002
    Filed:   February 14, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Nicole Stiles, previously a stylist in a J.C. Penney, Inc. (Penney) salon, appeals the district court's[1] adverse grant of summary judgment in her employment discrimination and retaliation action against her former employer. Upon de novo review, see Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999), we conclude the district court properly granted summary judgment for the reasons explained in the court's thorough, well-reasoned opinion. No genuine issues of material fact exist, and Penney is entitled to judgment as a matter of law.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Stiles's disqualification from a makeover contest did not constitute an actionable adverse employment action under Title VII. See LaCroix v. Sears, Roebuck & Co., 240 F.3d 688, 691-92 (8th Cir. 2001). Even assuming that Stiles stated a prima facie case of discrimination and retaliation with regard to her termination, she failed to show that Penney's reason for firing her (mischarging or failing to charge for salon services) was pretextual. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995) (stating that the employment discrimination laws do not authorize the review of an employer's business judgments that do not involve intentional discrimination).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.