# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-4018

_____

| | |
|---|---|
| Patricia Ann Eubanks-Jackson, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Bank of America, N.A., | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: April 29, 2002
Filed: May 6, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Patricia Ann Eubanks-Jackson appeals the District Court's[1] grant of summary judgment to her former employer, Bank of America, N.A., in her employment-discrimination action. Having carefully reviewed the record, see Land v. Washington County, Minn., 243 F.3d 1093, 1095 (8th Cir. 2001) (de novo standard of review), we affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

The District Court did not abuse its discretion in granting summary judgment to Bank of America before ruling on Eubanks-Jackson's motion to subpoena documents, as she did not request a continuance or file a Federal Rule of Civil Procedure 56(f) affidavit, and the documents she sought would not have shown that she was treated differently than similarly situated white employees. See Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 910-11 (8th Cir. 1999).

Summary judgment was proper on Eubanks-Jackson's Title VII race-based failure-to-promote claims, as most of the decisions at issue were made more than 300 days before she filed her Equal Opportunity Employment Commission complaint, see 42 U.S.C. § 2000e-5(e)(1) (1994); High v. Univ. of Minn., 236 F.3d 909, 909 (8th Cir. 2000) (per curiam) (observing that the continuing-violation doctrine does not apply to discrete acts, such as failure to promote), and she did not show that she and Kevin McConnell were similarly qualified, see McCullough v. Real Foods, Inc., 140 F.3d 1123, 1126 (8th Cir. 1998). We agree with the District Court that her evidence also fell short of showing that Bank of America's reason for its decision to discharge her—her refusal to respond to charges that she was working elsewhere while she was on medical leave at Bank of America—was pretextual. See Forrest v. Kraft Foods, Inc., No. 01-2854, 2002 WL 496448, at **2 (8th Cir. Apr. 3, 2002). Contrary to Eubanks-Jackson's contentions, Vice President Wayman was not required to review the investigation information before terminating her. See Scroggins v. Univ. of Minn., 221 F.3d 1042, 1045 (8th Cir. 2000) (explaining that relevant inquiry is whether employer believed employee was guilty of conduct justifying discharge). Neither was she entitled to invoke her privilege against self-incrimination when she met with Bank of America's investigator. Cf. Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co., 819 F.2d 1471, 1480 (8th Cir. 1987) (describing circumstances in which Fifth Amendment privilege applies).

Further, the District Court correctly concluded that the evidence was insufficient to show that Eubanks-Jackson's carpal tunnel syndrome or hypertension was disabling

under the Americans with Disabilities Act (ADA), see Aucutt v. Six Flags Over Mid-Am., Inc., 85 F.3d 1311, 1318-19 (8th Cir. 1996) (holding that employee was not disabled for the purposes of the ADA because he failed to show that nature, duration, and long-term impact of his angina, hypertension, and coronary artery disease caused him substantial limitations in any major life activity), that her workers' compensation settlement with Bank of America did not prove the bank regarded her as disabled, see Brunko v. Mercy Hosp., 260 F.3d 939, 942 (8th Cir. 2001) (affirming summary judgment against employee who did not meet the actual or perceived disability element of a prima facie ADA-discrimination case), and that the incidents she attributed to her co-workers and supervisors did not constitute a hostile work environment under the ADA or Title VII, cf. Jeseritz v. Potter, 282 F.3d 542, 547-48 (8th Cir. 2002) (assuming without deciding that if an ADA claim for hostile work environment existed, it would be modeled after the similar Title VII claim).

Finally, most of the alleged retaliatory acts Eubanks-Jackson cited were not adverse employment actions, see Gagnon v. Sprint Corp., 284 F.3d 839, 850 (8th Cir. 2002) (defining adverse employment action for purposes of Title VII retaliation claim), Stafne v. Unicare Homes, 266 F.3d 771, 775 (8th Cir. 2001) (retaliation under ADA), she did not adequately challenge Bank of America's legitimate nondiscriminatory reason for terminating her, see Hunt v. Neb. Pub. Power Dist., 282 F.3d 1021, 1028 (8th Cir. 2002) (setting forth burden-shifting analysis for retaliation claims), and neither the requisition form nor the ethics policy created a binding contract under Missouri law, see Clark v. Washington Univ., 906 S.W.2d 789, 791 (Mo. Ct. App. 1995).

Accordingly, we affirm.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.