# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 03-3541

———————

| | |
|---|---|
| Emma Jean Jones, Individually and all other similarly situated female employees, | * <br> * <br> * <br> * |
| Plaintiff-Appellant, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Eastern District of Missouri. |
| The Boeing Company; McDonnell Douglas Corporation, | * <br> *        [UNPUBLISHED] <br> * |
| Defendants-Appellees. | * |

———————

Submitted: August 5, 2004
Filed: August 26, 2004

———————

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Emma Jean Jones appeals, *pro se*, the district court's[1] adverse grant of summary judgment on her sex discrimination claims against her former employers, The Boeing Company and McDonnell Douglas Corporation (together "Defendants"). Jones claims that she received fewer opportunities to work overtime than similarly

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

situated male employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*[2] On appeal, Jones argues that: 1) she established a prima facie case of sex discrimination and showed Defendants' alleged non-discriminatory reason was merely a pretext for discrimination; 2) at the very least, there was a genuine issue of material fact that precluded summary judgment; 3) she was entitled to an evidentiary inference due to Defendants' spoliation of evidence; 4) the district court erred in denying her motion to compel memoranda relating to Defendants' destruction of documents; and 5) the district court erred in ordering her to pay Defendants' costs.

After careful review, see Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir. 2004) (standard of review), we affirm the district court's grant of summary judgment. Jones claimed that she was denied access to overtime work on the basis of her gender. However, the uncontroverted evidence established that she and other female employees were among the top earners in overtime pay in her department for the relevant time period. Jones did not submit any evidence to support her claim that males were regularly offered opportunities to work overtime before females. She therefore failed to establish a prima facie case of sex discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); LaCroix v. Sears, Roebuck & Co., 240 F.3d 688, 693 (8th Cir. 2001) (listing elements of a prima facie case). Moreover, even if Jones had established a prima facie case, she offered no evidence to show that Defendants' legitimate, non-discriminatory explanation of their overtime distribution

---

[2]Jones also brought a claim under the Equal Pay Act, 29 U.S.C. § 206(d), which was dismissed by the district court on August 5, 2003. Jones mentions this claim in her main brief and reply brief, but does not argue that the district court's dismissal of this claim was erroneous. The Defendants therefore argue that Jones has waived the issue. It is difficult to tell whether Jones meant to raise the issue or not. Even assuming she did, however, the district court's dismissal of the claim was not erroneous, because Jones did not allege that she was paid at a lower rate than similarly situated men, as the statute requires. See 29 U.S.C. § 206(d)(1).

procedures was merely a pretext for discrimination.  See McDonnell Douglas, 411 U.S. at 804.  Thus, there was no genuine issue of material fact to preclude summary judgment.

The district court also did not err in refusing to give Plaintiff an evidentiary inference on the basis of Defendants' destruction of some "asking sheets," which Jones claims would have demonstrated that Defendants offered overtime to men before they offered it to women.  An adverse inference instruction is warranted only when there is "a finding of intentional destruction indicating a desire to suppress the truth" and prejudice to the plaintiff.  Stevenson v. Union Pacific R.R. Co., 354 F.3d 739, 746-48 (8th Cir. 2004).  Here, Jones submitted no evidence to suggest that Defendants intentionally destroyed the asking sheets.  Furthermore, Jones herself submitted into evidence copies of many of the disputed asking sheets.  Contrary to Jones's claim, these sheets did not demonstrate that Defendants offered overtime to men before they offered it to women.  Thus, Jones was not prejudiced by Defendants' destruction of the asking sheets.[3]

Finally, we find no error in the district court's imposition of Defendants' costs on Jones.  Jones is correct to point out that the district court inaccurately stated that she had not paid costs in either of her two previous suits against Defendants, when in fact she had paid costs in one of those suits.  Despite this inaccuracy, we nonetheless find that the district court's award of costs was warranted, given that

---

[3]Because we find that the destruction of the asking sheets did not prejudice Jones, we also find that the district court's denial of Jones's motion to compel production of Defendants' internal memoranda regarding the preservation of these asking sheets in a related case was not an abuse of discretion.  At most, these memoranda would have shown that Defendants violated their own self-imposed stay against destroying documents.  Jones does not explain, however, how such memoranda would have demonstrated sex discrimination or helped her overcome Defendants' summary judgment motion.

Defendants prevailed on summary judgment.  <u>See</u> Fed. R. Civ. P. 54(d)(1); <u>E.E.O.C.</u> <u>v. Rath Packing Co.</u>, 787 F.2d 318, 338 (8th Cir. 1986) (explaining that under Rule 54(d) costs are to be allowed as a matter of course to the prevailing party).

Accordingly, the judgment of the district court is affirmed.

_____