# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1388

_____

Michael Long, Jr.,

*Plaintiff - Appellant*,

v.

David Reynolds, Circuit Judge, Faulkner County,

*Defendant - Appellee,*

Justin Bishop, Corporal Faulkner County Detention Center; Bobby Brown,
Corporal Faulkner County Detention Center; Faulkner County Sheriff's
Department, Corporal Faulkner County Detention Center; Michael Lee, Corporal
Faulkner County Detention Center; Brianne Pickard, Corporal Faulkner County
Detention Center; A. Rueda, Corporal Faulkner County Detention Center; Spaul,
Corporal Faulkner County Detention Center; Thomas, Corporal Faulkner County
Detention Center,

*Defendants*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 21, 2013
Filed: May 28, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Michael Long appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint, and the court's denial of his motion for leave to amend his complaint. Long's section 1983 complaint named a state-court judge, and it alleged that the judge--in presiding over a state-court matter involving Long--had engaged in improper ex parte communications. Long claimed that these improper actions violated, inter alia, his constitutional rights, and he sought injunctive relief, declaratory relief, and recovery of his fees and costs in this case.

Upon careful review, we conclude that Long's complaint was subject to dismissal for failure to state a claim, because the allegedly improper actions were taken within the judge's judicial capacity, and because Long did not allege that the judge had violated a declaratory decree, that declaratory relief against the judge was unavailable, or that there was any indication that the judge intended to continue his purportedly unconstitutional practices. See 28 U.S.C. § 1915A (if prisoner seeks redress from governmental entity, or officer or employee of governmental entity in civil action, court shall dismiss complaint if court determines action is frivolous, malicious, fails to state claim, or seeks monetary relief from defendant who is immune from such relief); 42 U.S.C. § 1983 (in any action brought against judicial officer for act or omission taken in officer's judicial capacity, injunctive relief shall not be granted unless declaratory decree was violated or declaratory relief was unavailable); § 1988(b) (providing for attorney's fees and costs to prevailing party in § 1983 action, except when action is brought against judicial officer for act or omission taken in judicial capacity); Tara Enters., Inc. v. Humble, 622 F.2d 400, 401-02 (8th Cir. 1980) (per curiam) (to obtain injunctive or declaratory relief against

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

public officials there must be some indication that defendant intends to continue unconstitutional practices alleged in complaint); see also Mireles v. Waco, 502 U.S. 9, 9 & n.1, 11-12 (1991) (judges are immune from suit for money damages unless actions were non-judicial or taken in complete absence of all jurisdiction; judges are not immune from suit for prospective injunctive relief or for attorney's fees authorized by statute); Forrester v. White, 484 U.S. 219, 227 (1988) (informal and ex parte nature of proceeding does not imply that act otherwise within judge's lawful jurisdiction was deprived of its judicial character); Land v. Washington Cnty., 243 F.3d 1093, 1095-96 (8th Cir. 2001) (court of appeals may affirm on any grounds supported by record); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review of § 1915A dismissal).

We also conclude that the district court did not abuse its discretion in denying Long's motion to amend his complaint. See U.S. ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp., 690 F.3d 951, 958 (8th Cir. 2012) (denial of leave to amend is reviewed for abuse of discretion; futility constitutes valid reason for denial of motion to amend); see also Fed. R. Civ. P. 8(a) (general rules for stating claim for relief; claim must contain statement showing that pleader is entitled to relief).

Accordingly, we affirm.

_____