# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2516

_____

| | | |
|---|---|---|
| Frank X. Wilcox, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| State Farm Mutual Automobile | * | |
| Insurance Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 12, 2001

Filed: June 11, 2001

_____

Before WOLLMAN, Chief Judge, and BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Frank Wilcox was fifty-seven years old and had worked as a claims handler for State Farm Mutual Automobile Insurance Company for more than twenty-nine years when he was fired and replaced by a much younger employee. After his termination, Mr. Wilcox sued State Farm for age discrimination under the Age Discrimination in Employment Act (ADEA), *see* 29 U.S.C. §§ 621-634, and the Missouri Human Rights Act (MHRA), *see* Mo. Rev. Stat. §§ 213.010-213.137.

The district court granted summary judgment in favor of State Farm, finding that, although Mr. Wilcox had established a *prima facie* case of age discrimination, he failed to present any evidence of pretext to refute State Farm's proffered reason for firing him. Mr. Wilcox now appeals. We affirm the judgment of the district court.[1]

In an ADEA case involving an allegation of age discrimination based on circumstantial evidence, we rely on the procedure outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), which "established an allocation of the burden of production and an order for the presentation of proof" in Title VII cases. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). Because Missouri courts apply an identical analysis in deciding cases under the MHRA, application of the *McDonnell Douglas* principles will serve to resolve both of Mr. Wilcox's claims. *See Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 497 (8th Cir. 1998), *cert. denied*, 526 U.S. 1115 (1999).

Under *McDonnell Douglas*, the plaintiff has the initial burden of making out a *prima facie* case of discrimination; the burden then shifts to the defendant to produce evidence tending to show that its employment decision was motivated by a legitimate, non-discriminatory reason. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). The plaintiff ultimately has the burden of proving that the defendant's proffered reason is a pretext for discrimination and that the defendant's actual reason is discriminatory. *See id*. at 143. The district court held that Mr. Wilcox had established a *prima facie* case of discrimination and that State Farm had articulated a legitimate, non-discriminatory reason for its decision to fire him, but the court concluded that Mr. Wilcox's case failed at the pretext stage.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Mr. Wilcox first contends that the district court erred in concluding that he had not made out a submissible case, because in doing so it relied on an affidavit from John Collier, his supervisor, that detailed all of his alleged performance problems. Mr. Wilcox maintains that under *Reeves* the district court was required to disregard all evidence that favored State Farm unless it was uncontradicted and unimpeached, and came from a disinterested witness. Because Mr. Collier worked for State Farm and was not a disinterested witness, Mr. Wilcox insists that Mr. Collier's affidavit should have been ignored. He also argues that Mr. Collier's testimony should have been considered controverted.

It is true that the Court said in *Reeves*, 530 U.S. at 151, quoting 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* 2d § 2529 at 300 (1995), that in deciding whether to grant summary judgment to a defendant a district court "should give credence to the evidence favoring the [plaintiff] as well as that 'evidence supporting the [defendant] that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.' " It appears to us in this passage that the Court was intimating that there are some cases in which uncontroverted testimony from an interested party could be given credence, but we are uncertain whether this is such a case. It would seem to us that in this case, where Mr. Wilcox was given a clear opportunity to contradict Mr. Collier's affidavit but did not, it would not be obvious error to include the affidavit's contents in the factual mix relevant to summary judgment. In any event, we think that it is unnecessary to decide the question because the record contains insufficient evidence to support an inference that State Farm's proffered reason for terminating Mr. Wilcox was pretextual even if Mr. Collier's affidavit is put aside.

Mr. Wilcox argues first that he was similarly situated to Mike Jones, a younger co-worker who held the same position as he did and who was not terminated by State Farm. He maintains that State Farm's decision to retain Mr. Jones revealed the untruthfulness of its performance-based reason for firing him because he and Mr. Jones

had roughly the same quarterly performance records and had the same number of complaints against them in their employment files. Mr. Wilcox points out, for example, that both he and Mr. Jones were criticized by their supervisor for not adequately documenting the results of their liability investigations, for not making personal contact in their investigations, and for not making timely updates to their files.

We note, however, that Mr. Wilcox had many performance difficulties that Mr. Jones did not have. For instance, Mr. Wilcox's supervisor repeatedly admonished him for including his personal opinions in his claim files. He was also the only person among his co-workers who continually received complaints from State Farm's policyholders about his rude and uncourteous attitude, and who exhibited a persistent unwillingness to address criticisms and accept directions from his supervisor.

We observe, furthermore, that, contrary to Mr. Wilcox's insistence, he did not receive quarterly performance reviews similar to those that Mr. Jones received. Although it may appear at first glance on State Farm's four-point grading system that Mr. Wilcox and Mr. Jones had approximately the same scores, on closer scrutiny this is not the case. Mr. Wilcox's scores, in fact, strongly reaffirm his particular shortcomings. In the category of customer satisfaction, for instance, he received a score of "2," whereas Mr. Jones earned the top score of "4." We thus do not believe that Mr. Wilcox can fairly compare himself to Mr. Jones to raise an inference of pretext on State Farm's part, because he and Mr. Jones were not similarly situated. *See Price v. S-B Power Tool*, 75 F.3d 362, 365 (8th Cir. 1996), *cert. denied*, 519 U.S. 910 (1996).

Mr. Wilcox maintains in addition that there is other evidence in the record tending to show that State Farm's reason for firing him was pretextual. He asserts, for example, that he was placed on probation a short time after he received a satisfactory quarterly performance evaluation and that his supervisor's decision to recommend his termination to State Farm's upper management during that probationary period indicates

that State Farm was never serious about giving him a chance to improve his performance. This argument falls short, however, since it is uncontroverted that State Farm allowed him to work for the entire term of his probationary period before it decided to fire him.

Mr. Wilcox also maintains that he was never given any warning about his performance. He may not be heard to say that he was caught unaware, however, when all of the evidence is that State Farm repeatedly warned him about deficiencies in his work.

In this case, when all is said and done, Mr. Wilcox's proof of State Farm's pretext fails to raise an inference that the reason that State Farm gave for terminating his employment was pretextual, and thus we are satisfied that the district court's order granting summary judgment to State Farm was appropriate.

We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.