# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3153

_____

James Scroggins,       *
      *
       Appellant,       *
      *
      v.       *    Appeal from the United States District
      *    Court for the District of Minnesota.
University of Minnesota; The       *
University of Minnesota Police       *
Department,       *
      *
       Appellees.       *

_____

Submitted: June 16, 2000

Filed:  August 2, 2000

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____

ROSS, Circuit Judge.

James Scroggins appeals from a summary judgment entered by the district court[1] in favor of the University of Minnesota in this race discrimination and retaliation case. We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Scroggins, an African-American, had worked for the University as a custodian. In October 1996, he was suspended following a complaint by a student-worker, who was responsible for unlocking the doors and turning on the lights in the recreational center. On several occasions, after the student-worker turned on the lights, she was startled because Scroggins, who was a night custodian for the center, had been sitting in the dark. Scroggins had asked her if she was afraid of him because of his race. Although she said no, over the next few weeks he continued to confront her and ask if his race made her uncomfortable. On one occasion, while the student-worker was in the lobby behind locked doors, Scroggins stood outside the doors and shook them, asking if she were more comfortable with him on the outside. After an investigation, Scroggins was suspended for three days and transferred to another location. In early March 1997, he was again suspended for being disruptive at a meeting, for cleaning a restroom in his stocking feet, and for leaving keys in the outside lock of the restroom door. He was informed that further discipline could lead to termination.

On March 5, 1997, Scroggins filed a complaint with the Equal Employment Opportunity Commission (EEOC). On March 18, 1997, Cecilia Sheehan, Scroggins' supervisor, found him on a couch, apparently napping. Sheehan told Scroggins it was past his break time and he needed to get back to work. After Sheehan consulted with her supervisor, Dave Peterson, and others, Scroggins was terminated.

Scroggins filed a Title VII action against the University, alleging that the October 1996 suspension was racially motivated and the termination was retaliatory. The district court granted the University's motion for summary judgment. The court held that Scroggins had established prima facie discrimination and retaliation cases, but the University had articulated legitimate, nondiscriminatory reasons for the actions, and Scroggins had offered no evidence that the reasons were pretextual.

We review the district court's grant of summary judgment de novo. As Scroggins notes, in Reeves v. Sanderson Plumbing Prod., Inc., 120 S. Ct. 2097, 2109

(2000), the Supreme Court held that a prima facie case of discrimination combined with sufficient evidence of pretext may support a finding of intentional discrimination. The Court, however, emphasized such a showing will not always be adequate to support a finding of liability. Id. In this case, we need not decide the issue presented in Reeves. Scroggins failed to produce evidence of pretext on his discrimination claim and failed to establish a prima facie case on his retaliation claim.

As to the discrimination claim, Scroggins argues that the University's reason for the October 1996 suspension was pretextual because he broke no rules by sitting in the dark.[2] Scroggins, however, was not disciplined for sitting in the dark, but was disciplined for his repeated and inappropriate conduct with a student-worker. Scroggins goes on to argue even if his conduct was inappropriate, he was treated differently because of his race. He notes Jim Ryg, a white employee, had used racial slurs in the workplace, but was only given a warning. It is true that "[i]nstances of disparate treatment can support a claim of pretext." Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994). Scroggins, however, "ha[d] the burden of proving that he and the disparately treated whites were similarly situated in all relevant respects," including showing that the offenses were the same or of "comparable seriousness." Id. (internal quotations omitted). Scroggins did not satisfy his burden. While Ryg engaged in inappropriate conduct, he did not repeatedly harass and intimidate a student-worker. Nor does a log listing names, races, disciplinary actions, and summary reasons for the actions satisfy the burden. See id.

As to the retaliation claim, the district court concluded that Scroggins had established a prima facie case, because he had filed an EEOC complaint, was terminated, and the termination "was causally linked to the protected conduct." Kiel v. Select Artificials, Inc. , 169 F.3d 1131, 1136 (8th Cir.) (en banc), cert. denied, 120

---

[2]Although Scroggins also argues his transfer was discriminatory, he has not shown it was an adverse employment action. See Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994).

S. Ct. 59 (1999). The court held that there was a factual dispute as to causation because of alleged inconsistencies between Sheehan's and Peterson's deposition and unemployment hearing testimonies. In his deposition, Peterson stated he did not know of the complaint at the time of termination, but at the unemployment hearing stated he learned of it sometime after March 6. In her deposition, Sheehan stated that during the termination Scroggins said "something" about the EEOC, but did not mention filing a complaint. At the hearing, she testified that she had learned that Scroggins had filed a complaint the day of the hearing. Contrary to Scroggins' argument, any inconsistencies do not raise "a suspicion of mendacity." Reeves, 120 S. Ct. at 2108 (internal quotation omitted). Indeed, there is no inconsistency in the testimony of Sheehan, who was primarily responsible for the termination.

Moreover, even if Peterson knew of the complaint before the termination, in the circumstances of this case, "the mere coincidence of timing" does not raise an inference of causation. Nelson v. J.C. Penney Co., 75 F.3d 343, 346 (8th Cir.) (supervisors' knowledge of discrimination complaint raised no inference of causation), cert. denied, 519 U.S. 813 (1996). "Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." Kiel, 169 F.3d at 1136. This is so because "the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace." Id. In other words, Scroggins' "intervening unprotected conduct eroded any causal connection that was suggested by the temporal proximity of his protected conduct and his termination." Id.

Moreover, we agree with the University that even if Scroggins had established a prima facie case of retaliation, he failed to produce evidence that the University's reason for firing him was pretextual. As Scroggins notes, the district court stated it would have denied the University's motion for summary judgment on the retaliation claim had he introduced evidence in support of his assertion that he had not been sleeping on the job. Whether he was sleeping or not, however, is irrelevant. Scroggins

has offered no evidence to dispute Peterson's and Sheehan's testimony that he was fired for taking an unauthorized break. Indeed, in his brief he admits Sheehan accused him of "taking an unauthorized break," noting she testified she saw him fifteen minutes after the end of his scheduled break time. Moreover, as the University argues, also irrelevant is Scroggins' belief that he was still on break when Sheehan confronted him. Rather, the "relevant inquiry is whether [the University] believed [he was] guilty of [the] conduct justifying discharge," Harvey, 38 F.3d at 972 n.2, and here there is no evidence suggesting anything other than the University's honest belief.

Accordingly, the judgment of the district court is affirmed.[3]

A true copy.

   Attest:


      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[3]We deny Scroggins' motion to enlarge the record and the University's motion to strike.