218 F.Supp.2d 1118 (2002)
George WILLIAMS, Plaintiff,
v.
MALLINCKRODT, INC., Defendant.
No. 4:01CV971 DDN.
United States District Court, E.D. Missouri, Eastern Division.
July 31, 2002.
*1119 Mark A. Prost, Sandberg and Phoenix, St. Louis, MO, Richard B. Fosher, Drakesmith and Burke, LLP, St. Charles, MO, for George Williams.
George Williams, Fenton, MO, pro se.
Bradley A. Winters, Michael M. Godsy, Sonnenschein and Nath, St. Louis, MO, David L. Gordon, Jason D. Sammis, Jackson Lewis, LLP, Atlanta, GA, for Mallinckrodt, Inc.

SUBSTITUTED MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendant for summary judgment (Doc. No. 45). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). A hearing was held on the motion on June 26, 2002. The court concludes that defendant is entitled to summary judgment.
Plaintiff George Williams commenced this action against his former employer, Mallinckrodt, Inc., under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34. He alleges that Mallinckrodt terminated him, in part, because of his age, and not just because he misappropriated company property and was untruthful during an investigation, the reasons Mallinckrodt gave him for his termination.
Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Mathes v. Furniture Brands Int'l, Inc., 266 F.3d 884, 885 (8th Cir.2001). In making this assessment, the court "must review the record, `taken as a whole.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoted case omitted). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, a nonmoving party may not rest upon mere denials or allegations, but instead must set forth specific facts sufficient to raise a genuine issue for trial." Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir.2002) (quoted case omitted).
*1120 In this case, the relevant, dispositive facts are without dispute. Mallinckrodt manufacturers a wide range of human health care products. Williams, who was born in August 1949, was employed by Mallinckrodt in March 1969 and worked at its facility in Maryland Heights, Missouri. At the times relevant to this case, Williams held the positions of Warehouse Supervisor and Warehouse Reclamation Supervisor.
In August 1998, a Maintenance Manager at the Maryland Heights facility named Garry Gamble was fired for, among other things, misappropriating company property. Tom Bean, an employee at the Maryland Heights facility, had reported Gamble's activities to Human Resources. In the summer of 1999, Bean reported that other employees, including plaintiff Williams, had also misappropriated company property. On August 1, 1999, three Mallinckrodt representatives (one person from Human Resources, one from the legal department and one from an investigative agency) met with Bean. He signed a statement alleging that, among other things, on several occasions, Gamble had told him to accompany Williams to local hardware stores and to purchase personal items for Williams using Gambles' Mallinckrodt credit card. According to Bean, among the items purchased were tie-down straps. Williams was Bean's supervisor and had given him a slightly negative review rating shortly before Bean made these allegations. Bean stated that Williams told him this rating was due to Bean's earlier charges against Gamble. Def's Exh. 2.
On August 3, 1999, the three Mallinckrodt representatives met with Williams to investigate Bean's allegations. According to Mallinckrodt's investigative report, Williams stated that Gamble had given him a used electric drill about two years ago and told him he could keep it, and that this drill, and a cordless drill also given to him by Gamble, were the only items of Mallinckrodt property he had at his home. He denied that he had any tie-down straps that belonged to Mallinckrodt or that he had purchased personal items at hardware stores on Mallinckrodt's account. Williams consented to a search of his home, during which he turned over as Mallinckrodt property two new drills; a box of new drill bits; two heavy-duty extension cords, one with an attached fluorescent light; five tie-down straps; and a roadway safety kit. Williams then said that he now recalled that Gamble had lent him these items and told him he would have to bring them back if they were ever needed. Williams was suspended without pay that day. Def's Exh. 3.
The investigative team recommended that Williams be fired, and on August 9, 1999, at the age of 50, Williams was fired for the asserted reasons of misappropriating company property and not being truthful during the investigation. He was replaced by an employee who was under the age of 40. On August 31, 1999, Mallinckrodt instituted a program allowing employees to return company property anonymously without fear of retribution. The same three-person investigative team that went to Williams' house also investigated Bean's allegations against the other employees Bean claimed had misappropriated company property. The team concluded that James Bartnick (date of birth 4/26/52) had taken hub caps for a golf cart, and a letter of reprimand was placed in his file. The team determined that there was not enough evidence to substantiate Bean's allegation that Mike Frick (date of birth 8/14/52) had some personal welding done at company expense, or that Frick, a management employee, had taken a bag from Gamble containing items purchased on Gamble's Mallinckrodt credit card. Furthermore, according to the deposition testimony *1121 of one of the team members, the team felt that both Bartnick and Frick were credible and forthcoming in their responses to the investigation. Pl's Exh. E at 58.
In his affidavit submitted in opposition to the motion for summary judgment, Williams maintains that he never stole any property from Mallinckrodt. Rather he was just borrowing the property found in his home, which was a common practice at the facility. He states that Bean's allegation that he purchased items on the company's credit card was false. He also averred that the tie-down straps were given to him by a Mallinckrodt supervisor, Jerry Campbell, under Campbell's supervisory authority to discard equipment. Williams names two younger employees, Mark Moss and Kevin Shackleford, who, he claims, borrowed or received tools in this manner. Williams states, however, that he does not recall any specific items they borrowed. Pl's Exh. A at 6.

II.
Under the ADEA, it is "unlawful for an employer ... to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Liability depends upon whether age "`actually motivated the employer's decision.' That is, the plaintiff's age must have `actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome.'" Reeves, 530 U.S. at 141, 120 S.Ct. 2097 (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)).
Williams presented no direct evidence of discrimination; thus, the three-step burden-shifting analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-06, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to this case. See Tatom v. Georgia-Pac. Corp., 228 F.3d 926, 931 (8th Cir.2000).[1] Under this analysis, the plaintiff has the initial burden of establishing a prima facie case, thereby creating a rebuttable presumption of discrimination.
To establish a prima facie case of age discrimination in a discharge case, a plaintiff must show that (1) he was a member of the protected group, i.e., at least 40 years of age, (2) he was qualified for his position, (3) he was discharged, and (4) he was replaced by a person not in the protected class or similarly-situated employees who were not in the protected class were treated more favorably. See id.; Clark v. Runyon, 218 F.3d 915, 918 (8th Cir.2000).
Once a plaintiff makes a prima facie case, the employer can rebut the presumption of discrimination by producing evidence of a legitimate nondiscriminatory reason for its decision to terminate the plaintiff. If the employer does so, the burden shifts back to the plaintiff to show pretext, that is, to "offer proof that would allow a rational fact-finder to conclude that the proffered reason was not the true reason for the employment action, and that age was." Yates v. Rexton, Inc., 267 F.3d 793, 800 (8th Cir.2001), citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); see also Erickson v. Farmland Indus., Inc., 271 F.3d 718, 726 (8th Cir.2001) (if the employer offers evidence of a nondiscriminatory reason for its action, an ADEA plaintiff must "present sufficient evidence to (1) raise a question of fact as to whether *1122 [the] proffered reason was pretextual and (2) create a reasonable inference that age was a determinative factor in the [adverse employment action]").
The ultimate question remains whether the employer intentionally discriminated, and the ultimate burden of proving intentional discrimination remains with the plaintiff. Reeves, 530 U.S. at 143, 120 S.Ct. 2097; Taylor v. QHG of Springdale, Inc., 218 F.3d 898, 900 (8th Cir.2000).
The employees may prove pretext by showing that the proffered explanation for the employment action had no basis in fact. Erickson, 271 F.3d at 727. Another method of proving pretext is to show that it was not the employer's policy or practice to respond to such problems in the way it responded in the plaintiff's case. Id. In Reeves, the Supreme the Court held that "a plaintiff's prima facie case combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." 530 U.S. at 148. The Court went on to explain, however, that
[t]his is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability.... Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion [for summary judgment].
Id. at 148-49, 120 S.Ct. 2097.

III.
Here, it is undisputed that Williams established a prima facie case of age discrimination, and that Mallinckrodt offered non-discriminatory reasons for discharging him  that he misappropriated company property and was not truthful in the investigation thereof. The only question in dispute is whether Mallinckrodt's reasons were pretextual.
Williams argues that Mallinckrodt's asserted reasons for firing him are unworthy of credence, because (1) the safety kit had been given to Williams as a performance reward, and was not misappropriated, (2) Mallinckrodt made no attempt to verify whether Campbell had given the tie-down straps to Williams, (3) Mallinckrodt failed to review credit card statements to determine if Williams had made personal purchases on a company credit card, (4) Mallinckrodt failed to investigate adequately the policies and practices that had been in effect at the Maryland Heights facility concerning borrowing and removing company property, (5) Mallinckrodt knew that some of Bean's information about other employees was not accurate and that Bean came forward with his allegations against Williams immediately after Williams' review of Bean's performance.
Upon review of the record, the court concludes that summary judgment in Mallinckrodt's favor is proper, because Williams has failed to "provide sufficient, probative evidence which would permit a fact finder to rule in [his] favor as opposed to engaging in mere speculation." See Mathes, 266 F.3d at 888-89 (quoted case omitted). The fact that Mallinckrodt did not discharge Bartnick or Frick does not avail Williams. Although instances of disparate treatment can support a claim of pretext, Williams has not shown that these employees were sufficiently similar, or that their offenses were of comparable seriousness to raise "genuine doubt as to the legitimacy of defendant's motive." See Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 945 n. 7 (8th Cir.1994); *1123 see also Wilcox v. State Farm Mut. Auto. Ins. Co., 253 F.3d 1069, 1071 (8th Cir. 2001); Scroggins v. University of Minn., 221 F.3d 1042, 1044 (8th Cir.2000).
Bean's charges against Frick were more vague than those against Williams, and the investigative team felt that both Bartnick, who was not a management employee, and Frick were honest in their responses to the team. Moss and Shackleford also were not management employees. Nor is there any evidence that these two individuals misappropriated company property, other than Williams' statement in his affidavit that he believes they did so.
An argument that Williams' infractions were not serious enough to warrant a discharge also does not help Williams survive summary judgment, because such an argument merely questions the soundness of Mallinckrodt's business judgment, and does not raise an inference of age discrimination. See Davenport, 30 F.3d at 945. Lastly, Williams' assertions that he did not misappropriate company property are not sufficient to defeat Mallinckrodt's motion for summary judgment. "[R]eliance on an honest yet incorrect belief is not evidence of pretext." Sprenger v. Federal Home Loan Bank of Des Moines, 253 F.3d 1106, 1112 (8th Cir.2001); see also Scroggins, 221 F.3d at 1045. Williams has not introduced any evidence that Mallinckrodt's belief that he misappropriated company property and was untruthful during his interview was anything but honest.
For these reasons, the motion of defendant Mallinckrodt, Inc., for summary judgment (Doc. No. 45) must be sustained.
An appropriate judgment order is issued herewith.
NOTES
[1] In Reeves, 530 U.S. at 142, 120 S.Ct. 2097, the Supreme Court noted that it was assuming without deciding, that the McDonnell Douglas framework applied to ADEA cases.