# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3007

_____

Kathy D. Jones,             *
            *
        Plaintiff - Appellee,     *
            *    On Appeal from the United
    v.                    *    States District Court for the
            *    District of South Dakota.
National American University,    *
a division of Dlorah, Inc.,      *
            *
        Defendant - Appellant.    *

_____

Submitted: May 12, 2010
Filed: June 23, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Kathy Jones brought this action against National American University (NAU) alleging that NAU had failed to promote her in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. A jury found NAU had discriminated against Jones and that its conduct was willful. The district court[1] denied NAU's motion for judgment as a matter of law and motion for a new trial, and

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

judgment was entered for $35,130 in damages, as well as attorney fees and costs. NAU appeals, and we affirm.

I.

Jones began working for NAU in 1998 as a part time corporate liaison at the university's Rapid City, South Dakota campus. She became a full time admissions representative the same year. In February 2004 the director of admissions position at the Rapid City campus became available. Jones, then age 56, applied for the position. NAU formed a four person committee to make the hiring decision. The committee was comprised of members of the Rapid City campus administration, including Richard Buckles, its president, as well as the academic dean, business manager, and dean of student success.

A few months prior to the opening of the director of admissions position, NAU had interviewed candidates for the position of vice president of admissions for the university's online program. On behalf of the Rapid City campus hiring committee, Buckles contacted the candidates who had not been offered the vice president position and inquired into whether they were interested in the director of admissions position. Based on the candidates' responses, Buckles narrowed the list of qualified applicants to six of the prior vice president candidates plus Jones.

The hiring committee conducted phone interviews with each of the applicants, after which the list was further narrowed to three candidates: Tim Schnabel, Jeff Babbe, and Jones. Each of the candidates met with the hiring committee for an in person interview. The committee first offered the position to Schnabel, then age 38, who was at the time an admissions coordinator for NAU's online program. Schnabel declined. The committee then offered the position to Babbe, who had a sales and management background but no recruiting experience. Babbe also declined.

The committee did not offer the position to Jones after Schnabel and Babbe turned it down, deciding instead to expand its search. Buckles asked Jones to take over the majority of the director of admission duties on an interim basis while the committee sought out new candidates. As part of those duties, Jones participated with Buckles in interviewing applicants for vacant admissions representative positions. At trial Jones testified that while she and Buckles were discussing one applicant, a man in his mid fifties, Buckles made the comment, "I'm not sure we want a grandpa working with our high school students." Jones believed the remark was discriminatory, but she did not report it to anyone at NAU.

One of the applicants for the admissions representative position who had been interviewed by Jones and Buckles was Angela Beck. Then age 34, Beck was a former associate hospital administrator with the U.S. Army. Following her interview, Buckles offered Beck an administrative representative position. She declined it due to the salary. Buckles then arranged for the hiring committee to interview Beck by telephone for the director of admissions position. The committee offered her the position after the interview, and she accepted.

When Jones learned that Beck had been offered the director position, she submitted a letter of resignation to Buckles. Jones testified at trial that when she turned in her letter of resignation, Buckles told her that while she would have been the better choice for the position in the short term, Beck was a better choice for the long term. Jones believed that Buckles was referring to the fact that Beck might work in the position longer because she was significantly younger.

Jones filed a charge of discrimination with the EEOC, alleging that NAU had wrongfully failed to promote her to the director position because of her age. NAU submitted a written response to the charge denying the allegation and asserting that Jones had not been promoted due to her deficient performance. The EEOC dismissed Jones' charge with a finding of no probable cause and issued her a right to sue letter.

Jones then brought this action claiming NAU had discriminated against her in violation of ADEA. She also alleged that the university's failure to promote her amounted to a constructive discharge. The court granted summary judgment on Jones' constructive discharge claim but denied it on her ADEA claim. A jury trial was held from November 12–17, 2008. Jones presented evidence to show that she was the most qualified applicant for the director of admissions position and that she had not been offered the position because of her age. NAU denied discriminating against Jones because of her age. The university presented evidence that Jones had not been promoted because of her lack of management experience, which Jones claimed was only pretext.

During trial Jones sought to enter Exhibit 2 into evidence, a job posting for the director of admissions position. That posting provided that a minimum of three years post secondary recruiting experience was required for the director position. The court admitted the exhibit over NAU's objections. NAU entered into evidence an alternate job posting for the director position which stated that three years of post secondary recruiting experience were preferred, rather than required. Neither job posting listed management experience as a minimum requirement or preference for the director position.

Jones testified that she had received positive reviews during her six years at NAU, that she had significant recruiting experience, and that Buckles' age related comments caused her to believe that she was not offered the director position because of her age. Several members of the hiring committee, including Buckles, testified that Jones was not promoted due to her lack of management and marketing experience. The court allowed Jones, over NAU's objection, to introduce for impeachment purposes the university's response to her EEOC charge, which provided that Jones had not been promoted to the director position due to her deficient performance.

After a four day trial, the jury returned a verdict in Jones' favor, finding that NAU had failed to promote her to the director of admissions position as a result of age discrimination. The jury awarded Jones $17,565 in compensatory damages. The total damages award was then doubled to $35,130 because the jury found NAU's discrimination to be willful.

NAU moved for judgment as a matter of law and alternatively for a new trial. The district court denied both motions and upheld the $35,130 damage award and added attorney fees and costs. NAU appeals from this order and argues that its motion should have been granted because of evidentiary errors and evidence insufficient to support the verdict. NAU also argues that the court erred by giving a changed reasons jury instruction and by declining its request for an honest belief jury instruction.

II.

NAU first argues that the district court erred by admitting into evidence the three job postings offered by Jones and by allowing her to introduce NAU's EEOC charge response for impeachment purposes. We review a district court's evidentiary rulings for abuse of discretion, disregarding any error that does not affect the substantial rights of the parties. McPheeters v. Black & Veatch Corp., 427 F.3d 1095, 1100–01 (8th Cir. 2005); Fed. R. Civ. P. 61; Fed. R. Evid. 103(a).

NAU first challenges the admission of Exhibit 2, the job posting for the director of admissions position. The exhibit listed recruiting experience as a requirement for the position, experience that Jones had, but Beck did not. NAU argues that the document was not properly authenticated. Federal Rule of Evidence 901(a) provides that the requirement of authentication is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." The party authenticating the exhibit "need only prove a rational basis for that party's claim that the document is what it is asserted to be." United States v. Wadena, 152 F.3d 831, 854 (8th Cir. 1998). "This may be done with circumstantial evidence." Id.

At trial Jones testified that she had seen the job posting on an NAU bulletin board in an administration building. Another NAU employee, Darlene Poste, testified that she had seen the same posting on the bulletin board outside Buckles' office. The district court concluded that the testimony of Jones and Poste was sufficient authentication to admit the exhibit. Given that the district court observed the testimony and is in the best position to determine whether Jones and Poste were credible, Ledbetter v. Alltel Corp. Serv., Inc., 437 F.3d 717, 724 (8th Cir. 2006), we cannot say that the court abused its discretion by concluding that their testimony was sufficient authentication to admit Exhibit 2. NAU points to its own evidence that the exhibit differed in format from other university job postings and that no employee from the Rapid City campus was able to identify its author. While these facts may be persuasive with respect to the weight to be given to the document, they did not bar its admission. See 5 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 901.01 (J. McLaughlin ed., 2d ed. 2008) (Once a party presents a sufficient threshold of proof, the court may admit the exhibit and the jury is free to disregard the evidence if not satisfied the exhibit is genuine).

NAU alternatively asserts that Exhibit 2 is inadmissible hearsay. The district court determined that the exhibit was actually admissible as a party admission. Federal Rule of Evidence 801(d)(2)(a) allows the admission of a party's own statement when offered against that party. To be admissible, the statement need not satisfy any trustworthiness criteria. Fed. R. Evid. § 801(d)(2); 4 C. Mueller & L. Kirkpatrick, Federal Evidence § 8:44 (3d ed. 2007). NAU argues that § 801(d)(2)(a) does not apply here because Jones failed to present evidence that the job posting was NAU's "own statement."

The testimony of Jones and Poste, however, was sufficient evidence for a jury to find that the exhibit was NAU's statement. The evidence NAU points to in order to discredit the reliability or genuine nature of the exhibit was relevant for the factfinder, but does not prevent admission of the document. See Mueller &

Kirkpatrick § 8:44 ("A party who denies making a statement cannot keep it out by objecting on this ground if the proponent presents sufficient proof to support a jury finding that the objecting party made the statement"). We conclude that the district court did not abuse its discretion by admitting Exhibit 2 under § 801(d)(2)(a). Once the exhibit was admitted, NAU had the opportunity to explain, rebut, or deny its substance to reduce its evidentiary value for the jury.

NAU also challenges as lacking authentication the admission of Exhibits 35 and 36, two additional job postings offered by Jones. Both exhibits are online job postings created in 2008 for positions with NAU's online degree program, and both include an explicit requirement of management experience. Jones introduced the exhibits to show that in practice NAU did include a management experience requirement in job postings, a requirement not included in any of the postings for the director position but which NAU nonetheless regarded as the primary qualification for the position.

The district court found the exhibits were authenticated by Buckles' testimony. Buckles testified that he was familiar with the NAU website and with the section of the website that displays job postings. He also testified that the exhibits were in the same format as the postings found on the website. The court did not abuse its discretion by determining that this testimony was sufficient to "prove a rational basis" for Jones' claim that the exhibits were NAU job postings. Wadena, 152 F.3d at 854. NAU further argues that the exhibits were inadmissible hearsay. The court correctly rejected this argument, concluding that the exhibits were not hearsay since they were not introduced for the truth of the matter asserted, but rather to show that NAU had a practice of including an explicit management experience requirement.

Appellant's final evidentiary point concerns the court's treatment of the university's response to Jones' EEOC charge. The district court granted a pretrial motion by Jones to exclude as prejudicial her EEOC file and the agency's dismissal of her claim. The court nevertheless permitted her to use the university's charge

response for impeachment of NAU's witnesses over its objections. A district court has broad discretion in deciding whether to admit evidence, including evidence for impeachment purposes. Cummings v. Malone, 995 F.2d 817, 825 (8th Cir. 1993). Here, Jones' counsel questioned members of the hiring committee about their decision not to promote her. Inconsistent with the university's response to the EEOC charge, none of the committee members mentioned her alleged poor performance. The district court acted within its discretion by allowing Jones to use the charge response to impeach the committee members' testimony. United States v. Rogers, 549 F.2d 490, 496 (8th Cir. 1976) (impeachment for inconsistency possible when witness does not remember or changes position).

III.

NAU also argues that the district court should have granted its motion for judgment as a matter of law because Jones presented insufficient evidence of age discrimination. We review the denial of a motion for judgment as a matter of law de novo, applying the same standard as the district court. Voeltz v. Arctic Cat, Inc., 406 F.3d 1047, 1050 (8th Cir. 2005). The evidence is viewed in the light most favorable to the jury verdict, giving the verdict the benefit of all reasonable inferences. Warren v. Prejean, 301 F.3d 893, 900 (8th Cir. 2002). We will reverse only when "the evidence is susceptible to no reasonable interpretation supporting the verdict." Id.

NAU does not contest that Jones satisfied her burden of presenting a prima facie claim of age discrimination. Instead the university asserts that after it rebutted Jones' prima facie case by providing a legitimate, nondiscriminatory reason for the failure to promote—specifically Jones' lack of management experience—she failed to establish that NAU's proffered reason was pretext.

An employee can prove that her employer's articulated justification for an adverse employment action is pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing

that the employer's proffered explanation is unworthy of credence." <u>Fitzgerald v. Action, Inc.</u>, 521 F.3d 867, 872 (8th Cir. 2008). Pretext may be shown with evidence that "the employer's reason for the [adverse employment decision] has changed substantially over time." <u>Loeb v. Best Buy Co., Inc.</u>, 537 F.3d 867, 873 (8th Cir. 2008).

Viewing the evidence in the light most favorable to Jones, we conclude that she presented sufficient evidence for the jury to conclude that NAU's proffered reason for the failure to promote was a pretext for age discrimination. Jones presented evidence that between the time of its EEOC charge response and the trial, NAU shifted its reasons for failing to promote her to the director position. NAU's response to the EEOC charge provided that throughout her employment, "Ms. Jones struggled with her performance. She consistently received moderate to low scores on her semi-annual reviews . . . She has consistently mediocre performance." By contrast, at trial NAU asserted that its primary reason for not promoting Jones was her lack of managerial and marketing experience. The university did not present evidence at trial that Jones was deficient in her performance.

Jones also presented evidence to dispute each of NAU's proffered reasons for their failure to promote her to the director position. She established that she was the only candidate considered who had the three years recruiting experience listed as required in one job posting, and preferred in the other. She also presented evidence that Beck lacked the extensive management experience that the hiring committee asserted had been their primary qualification. She presented evidence that she had received consistently positive reviews and performance awards, and that she had a good relationship with her colleagues. Finally, Jones testified about the two age related comments made by Buckles: (1) that he wasn't sure he wanted a "grandpa" working with the college kids, and (2) that Beck was a better long term choice for the director position while Jones would have been the better short term choice.

Given the benefit of all reasonable inferences from the evidence, Jones presented sufficient evidence at trial for the jury to determine that NAU's proffered reasons for the failure to promote were pretext for intentional age discrimination.

NAU alternatively argues that it is entitled to judgment as a matter of law under what it terms "the honest belief doctrine." See Scroggins v. Univ. of Minn., 221 F.3d 1042, 1045 (8th Cir. 2000); McNary v. Schreiber Foods, Inc., 535 F.3d 765, 769–70 (8th Cir. 2008). Relying on Scroggins and McNary, NAU asserts that "what ultimately matters is whether NAU's hiring committee established its honest belief in the nondiscriminatory facts that led to its decision." NAU's reliance on these cases is misplaced. In both Scroggins and McNary, the employer prevailed in a discrimination claim because the employee plaintiff failed to present any evidence to contradict the employer's asserted reason for the adverse employment decision. Thus, the employee failed to present evidence showing that the employer's proffered reason was mere pretext for discrimination. See Scroggins, 221 F.3d at 1045 (concluding that the employee had presented "no evidence suggesting anything other than the [employer's] honest belief"); McNary, 535 F.3d at 770 (same). By contrast, Jones has presented evidence sufficient to support a jury finding that NAU's alleged "honest belief" was pretext. The district court properly denied judgment as a matter of law to the university.

IV.

NAU also challenges the district court's denial of its motion for a new trial, arguing that the court erred in its jury instructions and that Jones' counsel made prejudicial statements during closing arguments. We review the denial of a motion for a new trial for abuse of discretion, "with great deference to the district court's ruling." Kight v. Auto Zone, Inc., 494 F.3d 727, 735 (8th Cir. 2007). A new trial is warranted "where the verdict is against the clear weight of the evidence, clearly excessive, or the result of passion or prejudice." MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 930 (8th Cir. 2004).

-10-

NAU argues that the district court erred by denying its request for a jury instruction on the honest belief doctrine and by issuing a "changed reasons" instruction that the university asserts was unsupported by the trial evidence and did not reflect applicable law. We review jury instructions for an abuse of discretion. Warren, 301 F.3d at 900. Our review is limited to whether the instructions taken as a whole "fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." Ford v. GACS, Inc., 265 F.3d 670, 679 (8th Cir. 2001). We afford the district court "broad discretion in choosing the form and language of the instructions" and will reverse "only if the erroneous instruction affected a party's substantial rights." Cook v. City of Bella Villa, 582 F.3d 840, 856 (8th Cir. 2009).

NAU's honest belief argument is simply a challenge to the sufficiency of Jones' pretext evidence. The district court properly instructed the jury on Jones' burden under her ADEA claim, including her burden to prove that NAU's proffered legitimate, nondiscriminatory reason for the failure to promote was pretext for age discrimination. An honest belief instruction would have been duplicative. We conclude that the district court did not abuse its discretion by denying NAU's request to issue an honest belief jury instruction.

NAU also contends that the district court abused its discretion by issuing a changed reasons pretext instruction to the jury. The relevant instruction read, "[p]retext may be shown with evidence that the employer's reason for its employment decision has changed substantially over time." This instruction is consistent with our case law. See McCullough v. Univ. of Ark. for Med. Sci., 559 F.3d 855 (8th Cir. 2009); Loeb, 537 F.3d at 873. The instruction is also consistent with the evidence presented at trial. Jones introduced NAU's EEOC charge response at trial, which provided that NAU did not promote Jones due to her poor performance. At trial NAU did not present evidence concerning Jones' alleged poor performance, and instead asserted that she was not promoted primarily due to her lack of management and

marketing experience. Rather, NAU's witnesses uniformly praised Jones' performance. We conclude that the district court did not abuse its discretion by issuing the changed reasons jury instruction.

In addition NAU asserts that a new trial is warranted on the basis of improper remarks made by Jones' counsel during closing argument. NAU alleges that Jones' counsel made egregious misstatements of evidence including that NAU had solicited the application of a sixty year old man for the director position in anticipation of Jones' lawsuit and that a hiring committee member had drafted Exhibit 2.

Because NAU failed to object to these statements at the time they were made, our review is limited to plain error. Crump v. Versa Prod., Inc., 400 F.3d 1104, 1109 (8th Cir. 2005). "Only in extraordinary situations, in order to prevent a 'plain miscarriage of justice,' will a reviewing court reverse a judgment based upon errors not objected to at trial." Cook, 582 F.3d at 857. Given that high bar and NAU's failure to demonstrate that this is an "extraordinary situation" involving a "plain miscarriage of justice," NAU is not entitled to a new trial based on the comments made by Jones' counsel during closing arguments. This is especially true given the district court's admonition to the jury prior to closing arguments that statements made by the attorneys are not evidence. See Billingsley v. City of Omaha, 277 F.3d 990, 997 (8th Cir. 2002) (admonishing the jury to disregard prejudicial statements may excuse an allegedly prejudicial closing argument). We conclude that the district court did not err in declining to overturn the jury verdict and denying NAU's motion for a new trial.

Accordingly, we affirm the judgment of the district court.

_____