# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1066
_____

Vickie J. Smith

*Plaintiff - Appellee*

v.

Health Resources of Arkansas, Inc.; Alternative Opportunities, Inc.

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville
_____

Submitted: July 22, 2016
Filed: July 27, 2016
[Unpublished]
_____

RILEY, Chief Judge, BOWMAN and BEAM, Circuit Judges.
_____

PER CURIAM.

Vickie Smith brought claims against her former employer, Health Resources of Arkansas, Inc. (HRA),[1] under the Age Discrimination in Employment Act of 1967

_____

[1]Smith also named Alternative Opportunities, Inc., as a defendant. Alternative Opportunities acquired HRA and assumed its liabilities; all references to HRA's

(ADEA), the Consolidated Omnibus Reconciliation Act of 1985 (COBRA), and the Employee Retirement Income Security Act of 1974 (ERISA). A jury awarded damages to Smith on her ADEA claim and found HRA's violation to be willful, and the district court[2] awarded liquidated damages and front pay. The district court also awarded Smith equitable relief under COBRA and ERISA. HRA appeals the jury instructions, verdict, and district court's awards. We affirm.

HRA reduced its work force in response to financial difficulties in 2012. Smith was 57 years old at the time and had been working for HRA since 1987. She had worked her way up from secretary to the position of Director of Medical Records, HIPAA Privacy Officer, and Patient Payee. On July 9, 2012, HRA notified Smith that her position was being eliminated and that her last day of employment would be August 7. On July 13, 2012, HRA notified Smith that it was immediately terminating her due to "insubordination." Smith filed a grievance and on October 17, 2012, HRA agreed to "change [Smith's] termination of employment, to a lay-off due to elimination of [her] position." Smith's job functions were assigned to younger employees: Karen Coltharp, then 42 years old, assumed Smith's duties as Director of Medical Records and HIPAA Privacy Officer, and Katie Reach, then 39 years old, assumed Smith's duties as Patient Payee. Smith also presented evidence that once her position was eliminated, younger employees that worked as medical-records staff for her were transferred to other departments rather than being laid off.

Jim Clark was appointed as interim CEO of HRA during its financial struggles, and he made the decision to end Smith's employment. Smith testified that prior to his becoming interim CEO, Clark said about Smith, "She has been here forever. She is

liability in this opinion extend to Alternative Opportunities as well.

[2]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

like a dinosaur." Tommy Mitchum, then chairman of HRA's board of directors, testified that when he asked Clark why Clark had let Smith go, "He said that he could, you know, would–could replace her, well, with someone younger and he would use that job and maybe incorporate some other jobs in there." He reiterated, "He just said that somebody–he could get somebody younger" so that he could pay them less. Mitchum testified that Clark stated the purpose of this was to save money. Clark testified that he was aware it was illegal to terminate someone because of their age.

On the basis of this evidence, the jury found that HRA violated the ADEA by discriminating against Smith on the basis of her age and awarded her $67,000 in damages. The jury also found HRA's violation was willful on the basis of the following instruction:

> If you find in favor of Vicki[e] Smith under Jury Instruction No. 8, then you must decide whether the conduct of Health Resources of Arkansas/Alterative Opportunities was "willful." You must find Health Resources of Arkansas/Alternative Opportunities's conduct was willful if it has been proved that, when Health Resources of Arkansas/Alternative Opportunities discharged Ms. Smith, Health Resources of Arkansas/Alternative Opportunities knew the discharge was in violation of the federal law prohibiting age discrimination, or acted with reckless disregard of that law.

On the basis of the jury's willfulness finding, the district court awarded liquidated damages of $67,000 and it also awarded front pay in the amount of $20,483.05.

HRA argues there was insufficient evidence both for the jury's verdict and for the district court to present a willfulness instruction to the jury. After a thorough review of the record "in the light most favorable to the jury verdict," we find no basis for overcoming the extreme deference we afford jury verdicts. Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1009 (8th Cir. 2008). Prejudicial comments by Clark, the decisionmaker, in combination with a shifting

justification for termination, disparate treatment of younger employees, and the dispersion of Smith's duties to other employees despite her position being "eliminated," permitted the jury to find that Smith's age, a "protected trait[,] actually played a role in" HRA's "decisionmaking process" and had a "determinative influence on the outcome" of that process. Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). Moreover, Clark himself testified that he was aware of the illegality of age-based discrimination, and so we find no abuse of discretion in the willfulness instruction. Id. at 617 (holding that employer acts willfully in disparate treatment cases where it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the" ADEA); see Jones v. Nat'l Am. Univ., 608 F.3d 1039, 1048 (8th Cir. 2010) ("We review jury instructions for an abuse of discretion."). Further, HRA argues the district court erred in referring to Smith's "discharge" in that instruction because, as HRA agreed to in the grievance, she had merely been "laid off." Use of the term "discharge" was not an abuse of discretion. Even if it was, however, there was sufficient evidence supporting the jury's finding to render any alleged error insubstantial and nonprejudicial. Jones, 608 F.3d at 1048 ("We afford the district court 'broad discretion in choosing the form and language of the instructions' and will reverse 'only if the erroneous instruction affected a party's substantial rights.'" (quoting Cook v. City of Bella Villa, 582 F.3d 840, 856 (8th Cir. 2009))). We therefore affirm the jury's verdict and challenged instruction.

The district court also awarded equitable relief to Smith for HRA's violations of ERISA. We review the legal question of whether an equitable remedy under ERISA is appropriate de novo and the underlying facts for clear error. Brown v. Aventis Pharm., Inc., 341 F.3d 822, 826 (8th Cir. 2003). We rely on the facts as set forth in the district court's order, restating only those most pertinent to our discussion. After Smith left HRA she elected to continue coverage under her employer-based group health plan. Despite Smith's having timely elected coverage and having made premium payments, the plan administrator for HRA, Shelley McCormick, failed to take basic actions to continue Smith's coverage. This was due in large part to

McCormick's failure to ensure Smith was covered under a new health plan HRA switched to after Smith left but before Smith elected and paid for coverage. As a result Smith was without coverage for over six months, and the district court awarded Smith her premium payments as equitable relief under 29 U.S.C. § 1132(a)(3). Under the COBRA amendment to ERISA, HRA was under a duty to provide continuing coverage. 29 U.S.C. § 1161. We find no clear error in the district court's finding that McCormick failed to take steps necessary to continue coverage, and on de novo review we agree with the district court that premium payments are an appropriate equitable remedy for that violation. See Fink v. Dakotacare, 324 F.3d 685, 690 (8th Cir. 2003) (observing that "[t]he fact that [an employer] switched its plan from one group health provider to another may have modified but did not eliminate" the duty under COBRA to provide continuing coverage) (citing 29 U.S.C. § 1162(1)).

The district court also found that in addition to several other ERISA violations with respect to Smith's 401k plan, HRA failed to deposit certain 401k payments with the plan's investment group. Specifically, HRA failed to deposit a June 2012 401k loan payment of $604.01 and two employee contributions with employer matches totaling $377.98, for a total of $981.99. The district court awarded this amount to Smith as equitable relief. HRA contends this was error because those amounts were in fact deposited. This is a fact question. After a careful review of the record and the well-reasoned order below and finding no clear error, we affirm the district court's awards of equitable relief under ERISA. See 8th Cir. R. 47B.

_____